**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-27033-CIV-DAMIAN**

**ARACELIO HERNANDEZ-HERNANDEZ**,

Petitioner,

v.

**CHARLES F. PARRA, *et al.*,**

Respondents.
_________________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before this Court on Petitioner, Aracelio Hernandez-Hernandez's ("Petitioner"), Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1], filed on October 6, 2026. Respondents filed a Response to the Petition [ECF No. 5 (the "Response")] on October 15, 2026. Petitioner did not file a reply.

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba who entered the United States at an unknown place and time. *See* ECF No. 5-1 (Form I-213 – Record of Deportable/Inadmissible Alien). Petitioner has an extensive criminal record spanning from 1982 to 2005, which includes an aggravated felony conviction related to an armed robbery for which Petitioner was sentenced to 12 years of imprisonment. *See id.*; Pet. ¶¶ 4–6. His documented criminal history includes arrests and convictions for offenses such as resisting an officer with violence, carrying a concealed weapon, aggravated assault with a weapon, possession of a weapon by a convicted

felon, prisoner escape, and domestic battery. *Id.*; *see also* ECF No. 5-2 (Declaration of Deportation Officer Dorleaus, at ¶ 7).

On October 21, 1992, an immigration judge issued an Order of Removal against Petitioner, finding him inadmissible pursuant to section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182, in that Petitioner was convicted of a crime involving moral turpitude, and section 212(a)(2)(A)(i)(II) of the INA, in that Petitioner was convicted of a violation relating to a controlled substance. Petitioner did not appeal the order of removal. Pet. ¶ 8.

After serving his sentence, in 1996, the State of Florida released Petitioner to the custody of immigration authorities. *Id.* ¶ 9. In December 1996, Petitioner was released on an Order of Supervision. *Id.* ¶ 12.

On August 19, 2026, Petitioner was encountered by U.S. Immigration and Customs Enforcement ("ICE") following a traffic stop. Pet. ¶ 16; Declaration of Deportation Officer, at ¶ 9. That same day, the U.S. Department of Homeland Security served Petitioner with a Warrant of Removal/Deportation, which Petitioner refused to sign. [ECF No. 5-3].

On October 14, 2026, ICE was informed that Cuba denied Petitioner's repatriation, and, therefore, ICE will now seek his removal to Mexico. Petitioner is currently detained at the Federal Detention Center in Miami, Florida, pending execution of his removal order. [ECF No. 5-4 (Detention History)].

On October 6, 2026, Petitioner initiated this action by filing the Petition pursuant to 28 U.S.C. § 2241. *See generally* Petition. Petitioner challenges his continued detention and seeks release from immigration custody. *Id.* Petitioner contends that when his prior detention

in 1996 and his current ongoing detention are considered, he has been detained well beyond the 180-day period under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Pet. ¶ 19.

Respondents argue that Petitioner's current detention is lawful under 8 U.S.C. § 1231, as he is subject to a final order of removal, and that his *Zadvydas* claim is premature because Petitioner had been detained for less than 180 days when he filed the Petition and he has not met his burden of proving that his removal is not reasonably foreseeable. Resp. at 3–4.

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Upon review of the Petition and relevant subsequent filings, this Court finds the Petition is due to be dismissed as premature under *Zadvydas* because Petitioner had only been detained for approximately 46 days prior to filing his habeas petition.

An alien's removal period starts on the latest of the following:

> (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B). Moreover, "Congress mandates that the Attorney General '*shall* detain [an] alien' who has been ordered removed from the United States 'within a period of 90 days.'"

*Phadael v. Ripa*, No. 24-CV-22227, 2024 WL 3088350, at *2 (S.D. Fla. June 21, 2024) (Altman, J.) (quoting 8 U.S.C. § 1231(a)(1), (2) (emphasis added in *Phadael*)). Given that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," United States Supreme Court precedent holds "that the Government must 'limit [ ] an alien's post-removal detention to a period reasonably necessary to bring about that alien's removal from the United States.'" *Phadael*, 2024 WL 3088350, at *2 (quoting *Zadvydas*, 533 U.S. at 689–90). The *Zadvydas* Court reasoned that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. 533 U.S. at 701 (concluding that "for the sake of uniform administration in the federal courts, we recognize that [six-month] period.").

Six months, however, is a "guidepost" for the lower courts to follow. *Phadael*, 2024 WL 3088350, at *2. Indeed, "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, "[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). It then falls on the alien to present that the Government has the right to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, Petitioner's present period of immigration detention began on August 21, 2026. Resp. at 4; [ECF No. 5-4 (Detention History)]. Petitioner filed the Petition on October 6, 2026, a mere 46 days after being detained by immigration officials. [ECF No. 1]. Thus, at the time Petitioner initiated this action, the six-month presumptively reasonable period

recognized in *Zadvydas* had not expired. Accordingly, because Petitioner filed this action before six months of his current period of post-removal-order detention had elapsed, his *Zadvydas* claim is premature. As of the date of this Order, Petitioner has still been detained fewer than 180 days.[1]

Moreover, even if Petitioner had satisfied the six-month threshold, the present record does not demonstrate a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. As indicated in the Declaration of Deportation Office Dorleus, ICE intends to remove Petitioner to Mexico. [ECF No. 5-2, at ¶ 11]. Therefore, the existence of these removal efforts to a third country undermines any assertion that Petitioner's removal is not significantly likely in the reasonably foreseeable future. Petitioner is reminded that the Eleventh Circuit has consistently held that petitioners who prevent their own removal from the United States may be detained longer than the six-month period contemplated in *Zadvydas*. *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (denying habeas petition of petitioner who had been detained for three years because "[h]is refusal to voluntarily sign his travel document or inform Brazil that he is willing to return has extended his removal period"); *Oladokun v. U.S. Atty. Gen.*, 479 F. App'x 895, 897 (11th Cir. 2012) (denying habeas petition where petitioner thwarted his removal by refusing to comply

---

[1] Despite Petitioner's argument to the contrary, the Court cannot aggregate multiple separate detentions for purposes of assessing his *Zadvydas* claim. *See Barrios v. Ripa*, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (Gayles, J.) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions," because doing so would raise constitutional concerns to "any subsequent period of detention, even one day," "[a]nd adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals"); *Torres v. Warden*, No. 26-cv-24264, 2026 WL 2469978, at *3–4 (S.D. Fla. Aug. 24, 2026) (Bloom, J.) (same).

with removal procedures and "complete forms necessary for him to obtain a new travel document").

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida, this 28th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record